# CARTER LEDYARD & MILBURN LLP
### Counselors at Law

G. Michael Bellinger
Partner

Direct Dial: (212) 238-8665
E-mail: bellinger@clm.com

2 Wall Street
New York, NY 10005-2072
•
Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720



December 19, 2014

**DOC #** 17

**VIA FACSIMILE**

Hon. James C. Francis
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

DATE FILED: 12/19/14
DOC #:
ELECTRONICALLY FILED
DOCUMENT
USDS SDNY

Re:  U.S.A. v. Steven Jordan
     Case No. 14 MAG 1209

Dear Judge Francis:

We write regarding the December 22, 2014 hearing in the above-captioned matter.

During the December 18, 2014 bail violation hearing, the Pretrial Services Office for the Southern District of New York ("Pretrial") referred to six (6) drug-screening tests that Defendant has failed since August 14, 2014. Defendant had not been notified of three (3) of the failed tests until the hearing, and apparently these tests had not been memorialized in a Pretrial memorandum although the results were introduced during the hearing.

We respectfully request that the Court order Pretrial to provide the six (6) test results to Carter Ledyard & Milburn LLP no later than December 19, 2014 to enable defendant to prepare properly for the December 22 hearing. Counsel previously requested the three (3) earlier tests but Pretrial would not produce same.

Additionally, we request that Pretrial produce copies of all urinalysis tests, negative and positive, involving Mr. Jordan, and identify the laboratory that conducted these tests. It is critical that we receive these documents as soon as possible to avoid any delay. The volume of the requested documents are *de minimus* and the time constraints are obvious.

As the Court is aware, the United States Attorney for the Southern District of New York has charged Mr. Jordan with violation of United States Code, Section 228 (a) (3), by failing to provide adequate child support. In an effort to resolve the bail violation issue, without prejudice, Mr. Jordan has offered to voluntarily attend an in-patient treatment facility authorized by Pretrial, provided that he is permitted to work as necessary during the work week. Given that the gravamen of the offense is child support, it is illogical that Pretrial will not assent to that request.

7558733.1

Hon. James C. Francis
December 19, 2014
Page -2-

Pretrial cannot require that Mr. Jordan not support his children for a month while voluntarily seeking treatment unrelated to his purported offense.

    The obvious paradox speaks for itself.

                                Sincerely,

                                G. Michael Bellinger

GMB:bp

cc:    **VIA EMAIL**

       AUSA Andrew DeFilippis
       Ms. Natasha Ramesar

*12/19/14*

*Application granted.*
*SO ORDERED.*
*James C. Francis IV*
*USMJ*